## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into effective from the date the Court approves this agreement as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.* by and between JOEL RAMOS ("Plaintiff"), and RECTOR STREET FOOD ENTERPRISES LTD. d/b/a GEORGES NEW YORK RESTAURANT ("George's NY"), MASTERPIECE PIZZA, INC. d/b/a MASTERPIECE PIZZERIA ("Masterpiece Pizza"), VELIKA LLC ("Velika"), GEORGE KOULMENTAS ("George"), WILLIAM KOULMENTAS ("William"), and ELENI KOULMENTAS ("Eleni") and on behalf of their affiliated and related entities, parents, subsidiaries and all of their shareholders, officers, directors, supervisors, agents heirs, executors, administrators, successors, employees, representatives and assigns (hereinafter George's NY, Masterpiece Pizza, Velika, George, William and Eleni, are referred to collectively as "Defendants") (hereinafter, the Plaintiff and Defendants shall collectively be referred to as "Parties"), and memorializes a settlement reached and bargained for during arms-length negotiations between the Parties, and so that both Parties may avoid the costs, risks, burdens and expenses of proceeding in litigation and at trial.

## RECITALS

**WHEREAS,** Plaintiff commenced a civil action against Defendants on May 5, 2017 in the United States District Court for the Southern District of New York, styled *Joel Ramos, on Behalf of Himself and All Others Similarly Situated v. Rector Street Food Enterprises LTD. d/b/a George's New York Restaurant, Masterpiece Pizza, INC. d/b/a Masterpiece Pizzeria, Velika LLC, George Koulmentas, William Koulmentas and Eleni Koulmentas*, Civil Action No. 17-cv-03359 (RJS);

1

**WHEREAS,** The Defendants answered on June 12, 2017 and interposed various affirmative defenses;

**WHEREAS,** No motion for certification of the putative class or collective was made;

**WHEREAS,** Defendants deny any and all liability and wrongdoing with respect to the Plaintiff's claims; and

**WHEREAS,** Plaintiff and Defendants now desire to settle fully and finally all claims and possible claims that Plaintiff had, has or may have had against the Defendants which are related to any wage and hour violations, including but not limited to those claims embodied in the aforementioned Complaint without further litigation and without any finding of fact or admission of liability.

**NOW, THEREFORE,** for and in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    <u>Non-Admission of Liability.</u>

This Agreement shall not in any way be construed as an admission by the Defendants of a violation of any of the Plaintiff's rights.  During this litigation, Defendants in their official and individual capacities, denied violating any right of Plaintiff based on federal, state or local law pertaining to employment or on any other basis, including but not limited to, relative to the disputes related to Defendants liability for minimum wage and/or overtime compensation and/or any amount, if found liable including any damages and related to claims, such as record keeping, and whether there was bad faith and/or willfulness, in which Defendants disputed Plaintiff's claims of liability to the Plaintiff. Accordingly, while this Agreement resolves all wage and hour

issues between the Parties, this Agreement is a reasonable compromise by the Parties of the disputed claims accompanied by several protections for the Plaintiff as set forth herein, and a discharge of rights limited to those associated with this Action, but, as such, is not an admission by any Party as to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement.

2.    <u>Settlement Payment and Dismissal</u>

In complete settlement of any and all claims for actual, compensatory, punitive or other damages, as well as attorneys' fees and costs Plaintiff may have had, has or may have, against the Defendants and in consideration of the dismissal of the action with prejudice attached hereto and made a part hereof as Exhibit "A" with respect to the Plaintiff in this agreement as against all Defendants hereunder, Defendants shall pay the total sum of Thirty Five Thousand Dollars and Zero Cents ($35,000.00) the "Settlement Amount" which is inclusive of all attorney's fees and costs. Payment of the Settlement Amount shall be made on or before the dates set forth in the Schedule of Payments, which is appended hereto as Ex. "B" and incorporated by reference herein. All settlements payments shall be made payable to the payees designated in said Schedule of Payments.

The Settlement Payments may be sent in any manner, but must be received in the office of Plaintiff's counsel <u>by the close of business on the due date in order to be timely</u>, provided however, that if any due date falls on a weekend or holiday, the time for payment shall be deemed extended until the close of the next following business day. In no case, however, shall the Defendants be required to make any payment before i) they are in receipt of a copy of this

Agreement which is fully executed by Plaintiff and ii) the Court has made the requisite fairness finding required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (the "Fairness Finding"). With respect to any payment which has a due date in the Schedule of Payments which precedes the date of the Fairness Finding, all such payments shall be payable within five business days of the date the Fairness Finding appears on the docket.

3.    Default

In the event that any of the Settlement Payments set forth in the Schedule of Payments are not received by Plaintiff's counsel by the dates set forth above, or any check is dishonored, Plaintiff's counsel shall notify Defendants' counsel, Stephen Hans, Esq., via ordinary mail to Stephen D. Hans & Associates, PC, 45-18 Court Square, Suite 403, Long Island City, New York 11101 and via electronic mail at shans@hansassociates.com. In the event Defendants fail to cure said late payment or dishonor of any such check within five (5) business days from service of said notice together with any bank fees incurred, they shall be in default, rendering Defendants jointly and severally liable for Fifty-Two Thousand Five Hundred Dollars and Zero Cents less 150% any monies theretofore paid by Defendants (the "Default Amount") under this Agreement. Any language to the contrary in this Agreement notwithstanding, the Defendants shall only be entitled to a total of three (3) notices to cure during the entire course of the payment schedule, and after three notices to cure have been given, the Defendants shall have no further right to any notice to cure, and default may be entered as set forth herein if another due date passes without timely payment being received or if any check is subsequently dishonored. The affidavits of confession of judgment is incorporated by reference herein, and shall be held in escrow by Plaintiff's counsel and not released unless there is a default under this Agreement and i) Defendants fail to cure within the time period required or ii) the three (3) notices to cure have

4

previously been given. After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law, and warrant that no such argument will be made under any circumstances in the future. It is also understood that this default provision was a *sine qua non* for extending the Answering Defendants' time to make payment hereunder, and Plaintiff insisted upon this provision to insure that the Settlement Payment is given sufficient priority among the Defendants' other financial obligations, to which Defendants acceded.

Further, after consultation with counsel, Defendants, and each of them, agree, covenant and warrant that no argument will be made in opposition to the entry of judgment or in support of any application to vacate a judgment except i) that Plaintiff's counsel failed to comply with the terms of this Agreement in entering such judgment, or ii) that Plaintiff's counsel has not given Defendants the due credit they are entitled to under this Agreement for payments actually made before the alleged default occurred. Defendants have executed the Confessions of Judgment appended to this Agreement as Ex. "C", but agree that if any Court should refuse to enter or enforce the appended Confessions of Judgment for any reason, that judgment may still be entered pursuant to this Agreement on the terms and conditions provided herein.

4.    Release.

a) In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date Plaintiff executes this Agreement, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all claims, charges actions or causes of action which he had, now has or hereafter may have against Defendants,

under the FLSA, NYLL or other related claims for wages, including, but not limited to, such damages, compensatory or punitive, alleged lost wages, record keeping violations, compensation, attorneys' fees, and costs, and any other relief of any other kind available under the FLSA, NYLL, or related common law claims for wages, including any claims of retaliation for the assertion of any such rights.

b) This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement; (2) Plaintiff's rights to enforce the terms of this Agreement; (3) Plaintiff's right to file any claim against the Released Parties that do not arise and are in no way connected to Plaintiff's employment with Defendants; and (4) any other claims that, under controlling law, may not be released by private settlement. In addition, nothing in this Release waives or limits Plaintiff's right to file a charge with the Equal Employment Opportunity Commission or similar State agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding, provided, however, that Plaintiff hereby agrees that by signing this Agreement, he relinquishes any right to receive any personal monetary relief with respect to any matter as to which he has released claims, and he waives any right to reinstatement of his employment.

c) In return for the Settlement Payments, that are the subject of this Agreement, the Plaintiff agrees to dismiss the action, with prejudice, and release, waive, acquit and forever discharge all of the Defendants, jointly and severally, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, employees, representatives, attorneys, and all persons acting by, through, under or in concert with any of them, from any and all charges, complaints, claims, controversies, demands,

6

rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against any of the Defendants and the other persons and/or entities released to the extent they are covered in ¶ 4(a) above.

5.    <u>No Admissions.</u>

While agreeing to compromise and settle their disputes, the Parties deny liability to one another. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto.

6.    <u>Non-Participation and Cooperation.</u>

Pursuant to and as part of Plaintiff's release and discharge of the Defendants as set forth herein, Plaintiff agrees not to participate willingly or voluntarily in any lawsuit, claim, arbitration, suit, action, class action, investigation or other proceeding of any kind which relates to any matter that involves the Defendants unless required to do so by court order, subpoena or other directive by a court, administrative agency, or unless required to enforce this Agreement. To the extent any such action may be brought by a third party, Plaintiff expressly waives any claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action. Plaintiff agrees that he will not voluntarily assist and/or encourage any other person in the pursuit of any legal action against the Defendants whether such claims accrued before the execution of this Agreement or anytime hereafter into perpetuity.

7.    <u>No Future Employment.</u>

Plaintiff (a) agrees not to apply for employment or otherwise seek to be hired, reemployed or reinstated by the Defendants and hereby waives any right to reinstatement or future employment with the Defendants; and (b) agrees that this Agreement shall be deemed to be good and sufficient reason to reject any application he may make for employment, reemployment or reinstatement with the Defendants.

8.    <u>No Claims Filed.</u>

Plaintiff represents to the Defendants, as a material inducement to enter into this Agreement, that other than the action filed with the United States District Court for the Southern District of New York, Action No. 17-cv-03359 ("Action"), there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Defendants based on the facts and circumstances surrounding Plaintiff's employment with the Defendants, application for employment or separation from the Defendants filed or submitted by Plaintiff or with his knowledge, or on his behalf with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiff shall, if requested by counsel for any of the Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to the Defendant(s). Plaintiff further represents that he has not assigned or transferred or attempted to assign or transfer to any person any claim that he has, had or may have against any of the Defendants.

8

9.    <u>Modifications.</u>

This Agreement may not be changed orally but may be changed only by an agreement in writing signed by the Parties.

10.    <u>Satisfaction With Terms and Counsel; Non-Coercion.</u>

This Agreement is entered into by the Parties without duress or undue influence of any kind on the part of any person, firm, or entity, in the free will of the Parties, and in consideration of the obligation of the Parties as set forth herein, and in consideration of the receipt of substantial consideration and protections afforded the Plaintiff in the event of Defendants default. The Parties acknowledge that they have not entered into this Agreement in reliance upon any inducement, representations or promise not otherwise contained herein, and that this Agreement supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. The Parties have consulted with their attorneys of record in the Action regarding the terms of this Agreement and have resolved any questions they may have as to the meaning, effect or interpretation of this Agreement. The decision of the Parties to enter into this Agreement is a fully informed decision, and the Parties are aware of the legal and other ramifications of such decision. Given that all Parties having been represented by counsel and all counsel having read, discussed, and negotiated the provisions of this Agreement at arms' length, ambiguities in this Agreement, if any, shall not be resolved against either Party as the draftsman hereof.

11.    <u>Legal Fees.</u>

In the event that it shall be necessary for any Party hereto to institute or defend a legal action to enforce any of the terms and conditions or provisions contained in this Agreement, or as the result of the breach hereof, the prevailing party in such action or proceeding shall be entitled to the costs and reasonable attorney's fees incurred in pursuing or defending enforcement.

12.    <u>Jurisdiction.</u>

The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement and venue for any dispute between the Parties shall be the United States District Court for the Southern District of New York ("District Court"). The dismissal with prejudice shall provide that the District Court shall retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. If the District Court should refuse or decline to accept jurisdiction over the settlement Agreement or any enforcement of same for any reason, the Parties agree an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of New York or New York State Supreme Court, County of New York (depending on monetary value). The Parties agree that a judgment may be entered in any such state court pursuant to CPLR § 3215(i) with the same force and effect as if this Agreement were a stipulation resolving an action originally commenced in such state court, and the Defendants had defaulted thereon.

13.    Invalid Provision.

If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable to any extent, the validity of the remaining parts, terms or provision of this Agreement shall not be affected thereby, and such illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement. The remaining provisions shall nevertheless survive and continue in full force and effect without being invalidated in any way.

14.    Entire Agreement

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

15.    Counterparts.

This Agreement may be executed in a number of identical counterparts, and signature by photocopy, facsimile, pdf, or any other consistently reliable means of reproduction shall be treated with the same force and effect as a signed original as against the party to be charged.

16.    No Waiver.

Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

17.    Section Headings.

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

18.    The Parties Represent That They All Have Consulted with Counsel

PLAINTIFF HAS CONSULTED WITH HIS ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT AND REPRESENTS THAT HE HAS DONE SO.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT MUST BE IN WRITING AND SIGNED BY ALL PARTIES TO HAVE ANY EFFECT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS COUNSEL, THE LAW OFFICES OF WILLIAM CAFARO, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS HE HAS OR MIGHT HAVE HAD AGAINST RELEASEES WHICH ARE SET FORTH IN THIS AGREEMENT.

DEFENDANTS ARE ADVISED THAT THIS AGREEMENT AND THE CONFESSIONS OF JUDGMENT GIVEN HEREUNDER PROVIDE FOR THE ENTRY OF JUDGMENT FOR AN AMOUNT IN EXCESS OF THE FACE AMOUNT IN THE EVENT OF DEFAULT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH

12

THEIR COUNSEL, THE DEFENDANTS ENTER INTO THIS AGREEMENT INTENDING
TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES
FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID HEREUNDER.

   The Parties knowingly and voluntarily sign this Agreement and General Release
as of the date(s) set forth below:


**SIGNED AND AGREED TO:**

Dated: _11/22/17_

                        JOEL RAMOS


STATE OF _New York_

COUNTY OF _New York_   ss.:

On ___10/22___, 2016 before me personally came to me JOEL RAMOS known to
me to be the individual described in, and who executed the foregoing Settlement Agreement and
Release, and duly acknowledged to me that he executed the same.

                Notary Public

          **WILLIAM CAFARO**
       Notary Public, State of New York
         No. 31-4869936
        Qualified in New York County
      Commission Expires Jan. 22, 2010

**SIGNED AND AGREED TO:**

RECTOR STREET FOOD
ENTERPRISES LTD.

Dated: 11/8/17

By: _____

Officer and Authorized
Representative

STATE OF New York )
                      )ss.:
COUNTY OF Queens )

On November 8, 2017 before me personally came William Koulmentas and acknowledged him(her)self to be an officer and an Authorized Representative of RECTOR STREET FOOD ENTERPRISES LTD. and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized Representative.

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

**SIGNED AND AGREED TO:**

MASTERPIECE PIZZA, INC.

Dated: 11/8/17

By: _____

Officer and Authorized
Representative

STATE OF New York )
                      )ss.:
COUNTY OF Queens )

On November 8, 2017 before me personally came William Koulmentas and acknowledged him(her)self to be an officer and an Authorized Representative of MASTERPIECE PIZZA, INC. and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized Representative.

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

14

**SIGNED AND AGREED TO:**

VELIKA LLC

Dated: _11/3/17_

By: _____
Officer and Authorized
Representative

STATE OF New York )
                         )ss.:
COUNTY OF Queens )

On November 8, 2017 before me personally came William Koulmentas and acknowledged him(her)self to be an officer and an Authorized Representative of VELIKA LLC. and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized Representative.

_____
Notary Public

STEPHEN D. HANS
**Notary** Public, State of New York
No. 02HA658402
Qualified in Queens County
Commission Expires June 30, 2019

**SIGNED AND AGREED TO:**

Dated: _11/8/17_

_____
GEORGE KOULMENTAS

STATE OF New York )
                         )ss.:
COUNTY OF Queens )

On November 8, 2017 before me personally came to me GEORGE KOULMENTAS known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA658402
Qualified in Queens County
Commission Expires June 30, 2019

15

**SIGNED AND AGREED TO:**

Dated: 11/3/17

WILLIAM KOULMENTAS

STATE OF New York )
                           )ss.:
COUNTY OF Queens )

On November 8 _____, 2017 before me personally came to me WILLIAM KOULMENTAS known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

**SIGNED AND AGREED TO:**

Dated: 11/3/17

ELENI KOULMENTAS

STATE OF New York )
                           )ss.:
COUNTY OF Queens )

On November 8 _____, 2017 before me personally came to me ELENI KOULMENTAS known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

16

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     Case No: 1:17-cv-03359 (RJS)
JOEL RAMOS, on Behalf of
Himself and All Others Similarly Situated,

                    Plaintiff,              **VOLUNTARY
DISMISSAL WITH
<u>PREJUDICE</u>**

     against

RECTOR STREET FOOD ENTERPRISES LTD.
d/b/a GEORGE'S NEW YORK RESTAURANT,
MASTERPIECE PIZZA, INC. d/b/a MASTERPIECE
PIZZERIA, VELIKA LLC, GEORGE KOULMENTAS,
WILLIAM KOULMENTAS and ELENI
KOULMENTAS,
                      Defendants.
-------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned

Parties, through their respective counsel, that the above action be and is hereby dismissed with

prejudice and without costs to either party.

      The Court shall retain jurisdiction over the settlement for the purposes of the enforcement

of the provisions thereof.

Dated: New York, NY                    Dated: _____, 2017
              _____, 2017

LAW OFFICES OF WILLIAM CAFARO      STEPHEN D. HANS & ASSOCIATES P.C.

By: _____          By: _____
William Cafaro, Esq.                 Stephen D. Hans, Esq.
Amit Kumar, Esq.                    Nils C. Shillito, Esq.
108 West 39th Street, Suite 602         45-18 Court Square, Ste 403
New York, New York 10018           Long Island City, NY 11101
(212) 583-7400                   (718) 275-6700
*Attorneys for Plaintiff*             *Attorneys for Defendants*

                         SO ORDERED:

                       _____

# EXHIBIT "B"

| Payment Details | Person | Wages |
|---|---|---|
| Payment 1 | Joel Ramos | $ 9,249.00 |
| 12/1/2017 | William Cafaro | $ 751.00 |
| $ 10,000.00 | | |
| Payment 2 | Joel Ramos | $ 2,000.00 |
| 1/1/2018 | William Cafaro | |
| $ 2,000.00 | | |
| Payment 3 | Joel Ramos | $ 2,000.00 |
| 2/1/2018 | William Cafaro | |
| $ 2,000.00 | | |
| Payment 4 | Joel Ramos | $ 2,000.00 |
| 3/1/2018 | William Cafaro | |
| $ 2,000.00 | | |
| Payment 5 | Joel Ramos | $ 2,000.00 |
| 4/1/2018 | William Cafaro | |
| $ 2,000.00 | | |
| Payment 6 | Joel Ramos | $ 2,000.00 |
| 5/1/2018 | William Cafaro | |
| $ 2,000.00 | | |
| Payment 7 | Joel Ramos | $ 2,000.00 |
| 6/1/2018 | William Cafaro | |
| $ 2,000.00 | | |
| Payment 8 | Joel Ramos | $ 1,279.33 |
| 7/1/2018 | William Cafaro | $ 720.67 |
| $ 2,000.00 | | |
| Payment 9 | Joel Ramos | |
| 8/1/2018 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 10 | Joel Ramos | |
| 9/1/2018 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 11 | Joel Ramos | |
| 10/1/2018 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 12 | Joel Ramos | |
| 11/1/2018 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |

| Payment Details | Person | Wages |
|---|---|---|
| Payment 13 | Joel Ramos | |
| 12/1/2018 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 14 | Joel Ramos | |
| 1/1/2019 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 15 | Joel Ramos | |
| 2/1/2019 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 16 | Joel Ramos | |
| 3/1/2019 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 17 | Joel Ramos | |
| 4/1/2019 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 18 | Joel Ramos | |
| 5/1/2019 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |
| Payment 19 | Joel Ramos | |
| 6/1/2019 | William Cafaro | $ 1,000.00 |
| $ 1,000.00 | | |

# EXHIBIT "C"

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK          }
                           } ss:
COUNTY OF Queens           }

William Koulmentas , being duly sworn and over the age of 18 years, does depose and say:

1.      I have authority to sign on behalf of the undersigned entity as the Owner, Officer, Director, Member and/or Authorized Shareholder of Rector Street Food Enterprises Ltd. (hereinafter referred to as the "Undersigned Entity"), and as a duly designated and authorized representative of the Undersigned Entity I make this affidavit in my capacity as an authorized representative.

2.      That the Undersigned Entity maintains a principal place of business at 89 Greenwich Street, New York, NY 10006.

3.      The Undersigned Entity, hereby confesses judgment, and authorizes the entry of judgment by the Plaintiff and/or his attorneys against itself, jointly and severally with the other defendants in this action, in the sum of Fifty-Two Thousand Five Hundred Dollars and Zero Cents ($52,500.00), less 150% of any payments made prior to default. The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and to the extent that William Cafaro, P.C. remains unpaid at the time of default, it shall also have the right to enter judgment against the undersigned.

4.      This confession of judgment is for a debt justly due to JOEL RAMOS (hereinafter referred to as the "Plaintiff") and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for

the Southern District of New York, Case No. 17-cv-03359, involving certain wage and hour claims made by the Plaintiff against the Undersigned Entity as the Plaintiff's employers. That action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

5.    This confession of judgment may only be filed by Plaintiff's counsel, William Cafaro, or by his lawfully designated successor counsel after his death or incapacity, upon a affidavit showing that a default occurred as set forth pursuant to the terms of the Settlement and Release Agreement resolving the action above captioned action, and such affidavit shall give the Defendants due credit for all payments made pursuant to the said Agreement prior to the default.

RECTOR STREET FOOD ENTERPRISES LTD


By: William Koulmentas
Authorized Representative


On this November 8, 2017 before me personally came William Koulmentas and an Authorized Representative of the above named corporation, and swore that he, as such, was duly authorized to do, executed the foregoing instrument for the purposes therein contained, by signing his name on behalf of the said corporation.


Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4650402
Qualified in Queens County
Commission Expires June 30, 2019

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK          }
                           } ss:
COUNTY OF Queens           }

William Koulmentas, being duly sworn and over the age of 18 years, does depose and say:

1.    I have authority to sign on behalf of the undersigned entity as the Owner, Officer, Director, Member and/or Authorized Shareholder of Masterpiece Pizza, Inc. (hereinafter referred to as the "Undersigned Entity"), and as a duly designated and authorized representative of the Undersigned Entity I make this affidavit in my capacity as an authorized representative.

2.    That the Undersigned Entity maintains a principal place of business at 2 Rector Street, New York, NY 10006.

3.    The Undersigned Entity, hereby confesses judgment, and authorizes the entry of judgment by the Plaintiff and/or his attorneys against itself, jointly and severally with the other defendants in this action, in the sum of Fifty-Two Thousand Five Hundred Dollars and Zero Cents ($52,500.00), less 150% of any payments made prior to default. The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and to the extent that William Cafaro, P.C. remains unpaid at the time of default, it shall also have the right to enter judgment against the undersigned.

4.    This confession of judgment is for a debt justly due to JOEL RAMOS (hereinafter referred to as the "Plaintiff") and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for the Southern District of New York, Case No. 17-cv-03359, involving certain wage and hour claims made by the Plaintiff against the Undersigned Entity as the Plaintiff's employers. That

action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

5.     This confession of judgment may only be filed by Plaintiff's counsel, William Cafaro, or by his lawfully designated successor counsel after his death or incapacity, upon a affidavit showing that a default occurred as set forth pursuant to the terms of the Settlement and Release Agreement resolving the action above captioned action, and such affidavit shall give the Defendants due credit for all payments made pursuant to the said Agreement prior to the default.

Masterpiece Pizza, Inc.

By:
Authorized Representative

On this November 8, 2017 before me personally came William Koulmentas and an Authorized Representative of the above named corporation, and swore that he, as such, was duly authorized to do, executed the foregoing instrument for the purposes therein contained, by signing his name on behalf of the said corporation.

Notary Public

STEPHEN D. HANG
Notary Public, State of New York
No. 02HA6658102
Qualified in Queens County
Commission Expires June 30, 2019

26

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK      }
                            } ss:
COUNTY OF Queens      }

William Koulmentas being duly sworn and over the age of 18 years, does depose and say:

1.    I have authority to sign on behalf of the undersigned entity as the Owner, Officer, Director, Member and/or Authorized Shareholder of Velika, LLC (hereinafter referred to as the "Undersigned Entity"), and as a duly designated and authorized representative of the Undersigned Entity I make this affidavit in my capacity as an authorized representative.

2.    That the Undersigned Entity maintains a principal place of business at 2 Rector Street, New York, NY 10006.

3.    The Undersigned Entity, hereby confesses judgment, and authorizes the entry of judgment by the Plaintiff and/or his attorneys against itself, jointly and severally with the other defendants in this action, in the sum of Fifty-Two Thousand Five Hundred Dollars and Zero Cents ($52,500.00), less 150% of any payments made prior to default.  The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and to the extent that William Cafaro, P.C. remains unpaid at the time of default, it shall also have the right to enter judgment against the undersigned.

4.    This confession of judgment is for a debt justly due to JOEL RAMOS (hereinafter referred to as the "Plaintiff") and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for the Southern District of New York, Case No. 17-cv-03359, involving certain wage and hour claims made by the Plaintiff against the Undersigned Entity as the Plaintiff's employers. That

action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

5.     This confession of judgment may only be filed by Plaintiff's counsel, William Cafaro, or by his lawfully designated successor counsel after his death or incapacity, upon a affidavit showing that a default occurred as set forth pursuant to the terms of the Settlement and Release Agreement resolving the action above captioned action, and such affidavit shall give the Defendants due credit for all payments made pursuant to the said Agreement prior to the default.

Velika, LLC

By: _____
Authorized Representative

On this _November 8,_____ 2017 before me personally came _William Houlmentes_ and an Authorized Representative of the above named corporation, and swore that he, as such, was duly authorized to do, executed the foregoing instrument for the purposes therein contained, by signing his name on behalf of the said corporation.

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658102
Qualified in Queens County
Commission Expires June 30, 2019

28

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK     }
                      }ss:
COUNTY OF _Queens_     }

GEORGE KOULMENTAS (the "Undersigned"), being duly sworn and over the age of 18 years, does depose and say:

1.     I make this affidavit in my capacity as an authorized representative.

2.     That the Undersigned maintains a principal place of business at 89 Greenwich Street, New York, NY 10006.

3.     The Undersigned, hereby confesses judgment, and authorizes the entry of judgment by the Plaintiff and/or his attorneys against himself, jointly and severally with the other defendants in this action, in the sum of Fifty-Two Thousand Five Hundred Dollars and Zero Cents ($52,500.00), less 150% of any payments made prior to default. The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and to the extent that William Cafaro, P.C. remains unpaid at the time of default, it shall also have the right to enter judgment against the undersigned.

4.     This confession of judgment is for a debt justly due to JOEL RAMOS (hereinafter referred to as the "Plaintiff") and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for the Southern District of New York, Case No. 17-cv-03359, involving certain wage and hour claims made by the Plaintiff against the Undersigned as the Plaintiff's employers. That action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

5.      This confession of judgment may only be filed by Plaintiff's counsel, William

Cafaro, or by his lawfully designated successor counsel after his death or incapacity, upon a

affidavit showing that a default occurred as set forth pursuant to the terms of the Settlement and

Release Agreement resolving the action above captioned action, and such affidavit shall give the

Defendants due credit for all payments made pursuant to the said Agreement prior to the default.


_____
GEORGE KOULMENTAS

STATE OF New York )
                 )ss.:
COUNTY OF Queens )

On  November 8        , 2017 before me personally came to me GEORGE
KOULMENTAS known to me to be the individual described in, and who executed the foregoing
Settlement Agreement and Release, and duly acknowledged to me that he executed the same.


                                    _____
                                    Notary Public

                                        STEPHEN D. HANS
                                    Notary Public, State of New York
                                           No. 02HA4658402
                                       Qualified in Queens County
                                    Commission Expires June 30, 2019

30

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK        }
}ss:
COUNTY OF Queens        }

WILLIAM KOULMENTAS (the "Undersigned"), being duly sworn and over the age of 18 years, does depose and say:

1.      I make this affidavit in my capacity as an authorized representative.

2.      That the Undersigned maintains a principal place of business at 89 Greenwich Street, New York, NY 10006.

3.      The Undersigned, hereby confesses judgment, and authorizes the entry of judgment by the Plaintiff and/or his attorneys against himself, jointly and severally with the other defendants in this action, in the sum of Fifty-Two Thousand Five Hundred Dollars and Zero Cents ($52,500.00), less 150% of any payments made prior to default. The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and to the extent that William Cafaro, P.C. remains unpaid at the time of default, it shall also have the right to enter judgment against the undersigned.

4.      This confession of judgment is for a debt justly due to JOEL RAMOS (hereinafter referred to as the "Plaintiff") and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for the Southern District of New York, Case No. 17-cv-03359, involving certain wage and hour claims made by the Plaintiff against the Undersigned as the Plaintiff's employers. That action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

31

5.    This confession of judgment may only be filed by Plaintiff's counsel, William

Cafaro, or by his lawfully designated successor counsel after his death or incapacity, upon a

affidavit showing that a default occurred as set forth pursuant to the terms of the Settlement and

Release Agreement resolving the action above captioned action, and such affidavit shall give the

Defendants due credit for all payments made pursuant to the said Agreement prior to the default.

_____
WILLIAM KOULMENTAS

STATE OF New York )
                 )ss.:
COUNTY OF Queens )

On November 8_____, 2017 before me personally came to me WILLIAM
KOULMENTAS known to me to be the individual described in, and who executed the foregoing
Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK      }
                         }ss:
COUNTY OF _Queens_     }

    ELENI KOULMENTAS (the "Undersigned"), being duly sworn and over the age of 18 years, does depose and say:

    1.    I make this affidavit in my capacity as an authorized representative.

    2.    That the Undersigned maintains a principal place of business at 89 Greenwich Street, New York, NY 10006.

    3.    The Undersigned, hereby confesses judgment, and authorizes the entry of judgment by the Plaintiff and/or his attorneys against himself, jointly and severally with the other defendants in this action, in the sum of Fifty-Two Thousand Five Hundred Dollars and Zero Cents ($52,500.00), less 150% of any payments made prior to default. The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and to the extent that William Cafaro, P.C. remains unpaid at the time of default, it shall also have the right to enter judgment against the undersigned.

    4.    This confession of judgment is for a debt justly due to JOEL RAMOS (hereinafter referred to as the "Plaintiff") and/or his attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for the Southern District of New York, Case No. 17-cv-03359, involving certain wage and hour claims made by the Plaintiff against the Undersigned as the Plaintiff's employers. That action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiff in the event of any default in the payments required under the Agreement.

33

5.      This confession of judgment may only be filed by Plaintiff's counsel, William

Cafaro, or by his lawfully designated successor counsel after his death or incapacity, upon a

affidavit showing that a default occurred as set forth pursuant to the terms of the Settlement and

Release Agreement resolving the action above captioned action, and such affidavit shall give the

Defendants due credit for all payments made pursuant to the said Agreement prior to the default.


_____

ELENI KOULMENTAS


STATE OF New York )
                                        )ss.:
COUNTY OF Queens )

On November 8 _____, 2017 before me personally came to me ELENI KOULMENTAS
known to me to be the individual described in, and who executed the foregoing Settlement
Agreement and Release, and duly acknowledged to me that he executed the same.


Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2019

34